## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

DONALD C. THOMAS,
individually and on behalf of all
others similarly situated,

                Plaintiff,

      v.

MID-MISSOURI BANK,

                Defendant.

Case No. 10-3139-CV-S-ODS

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement (the "Settlement Agreement") dated as of December 1, 2010, is entered into, in consideration of good and valuable consideration and subject to final Court approval, by and between Donald C. Thomas (the "Class Representative" or "Plaintiff"), on behalf of himself and the Class Members as defined herein, with the assistance and approval of Class Counsel, on the one hand, and Mid-Missouri Bank, (the "Bank" or "Defendant"), with the assistance of its counsel of record in the Litigation, on the other hand, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be fully and finally compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties upon the terms and conditions as set forth herein.

WHEREAS, the Litigation was commenced by Plaintiff, individually and on behalf of an alleged class of persons and such Litigation is currently pending;

WHEREAS, in the Litigation, Class Representative alleges that Defendant violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, by allegedly failing to provide certain required notice of automated teller machine ("ATM") fees on the ATMs at Issue;

WHEREAS, the Bank denies Plaintiff's claims, denies any liability to Class Representative or any member of the alleged or proposed class, and denies any wrongdoing of every kind;

WHEREAS, Class Representative and the Bank agree that it is desirable that the Litigation be settled upon the terms and conditions set forth below to avoid further expense and uncertain, burdensome and potentially protracted litigation and to resolve all claims that have been or could have been asserted; and

WHEREAS, the Settling Parties have engaged in arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Litigation and have concluded, taking into account the benefits that Class Representative and the Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Class Representative and the Class.

NOW THEREFORE, intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth in this Settlement Agreement, the Settling Parties agree, subject to the approval of the Court and the provisions contained in this Settlement Agreement, that the Litigation and the Released Claims against any Bank Releasees are fully and finally compromised, settled and released, and that the Litigation shall be dismissed with prejudice as follows:

1.     **Conditional Nature of Settlement Agreement.**  This Settlement Agreement, including all associated exhibits and attachments, is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis. The Settlement Agreement is made in compromise of disputed claims. The Settlement Agreement is intended by the Settling Parties

to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions set forth in this Settlement Agreement. Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Settling Parties enter into this Settlement Agreement and associated settlement (the "Settlement") on a conditional basis that is subject to the final approval of the Court.

2.      **Effect of Disapproval.** In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever (except regarding the return of funds as indicated in this Settlement Agreement), it shall not be referred to or utilized for any purpose whatsoever, and any negotiations, terms and execution of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar state law.

3.      **Denial of Liability; No Admissions.** The Bank denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation. Neither this Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by the Bank of any legal violations, any legal requirement or any failure to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of the Bank or any Bank Releasees or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action. The Bank has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Bank does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on

any grounds or assert any and all defenses or privileges. The Bank expressly reserves all rights and defenses as to any claims and does not waive any such rights or defenses in the event that the Settlement Agreement is not approved for any reason. The Class Representative and Class Counsel agree that the Bank and the Bank Releasees retain and reserve these rights and agree not to take a position to the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Bank could not contest class certification on any grounds if this Litigation were to proceed.

4. **Definitions.**

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

4.1 "ATMs at Issue" means the automated teller machines operated by Mid-Missouri Bank at any time prior to the Effective Date.

4.2 "Bank" means Mid-Missouri Bank.

4.3 "Bank Releasees" means the Bank, each of its current and former affiliates (including, but not limited to, any parent and subsidiary companies), each of the foregoing's predecessors, successors, divisions, joint ventures and assigns, and each of any of the foregoing's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, and representatives.

4.4 "Class" means the collective group of those persons who were not banking customers of Mid-Missouri Bank and who were charged or assessed any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue on or before the date of this Settlement Agreement.

4.5 "Class Counsel" means the law firm of Carlson Lynch Ltd. and Evan D. Buxner, LLC.

4.6 "Class Member(s)" or "Member(s) of the Class" means a person or persons who is a member of the settlement Class under Federal Rule of Civil Procedure 23 who does not submit a valid and timely request for exclusion or "opt-out" from the Class in accordance with the terms of this Settlement Agreement.

4.7 "Class Notice" means the Summary Notice, Internet Notice and ATM Notice to be approved by the Court substantially in the form attached hereto as Exhibits B1, B2 and B3.

4.8 "Class Period" means all dates on or before the date of this Settlement Agreement.

4.9 "Court" means the United States District Court for the Western District of Missouri.

4.10 "Effective Date" means the date on which the Judgment becomes Final.

4.11 "Final" means the latest of: (i) the date of final affirmance of the last pending appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.

4.12 "Judgment" means the judgment to be rendered by the Court pursuant to this Settlement Agreement substantially in the form attached hereto as Exhibit D.

4.13 "Litigation" or the "Lawsuit" means the lawsuit captioned *Donald C. Thomas, individually and on behalf of all others similarly situated, Plaintiff, v. Mid-Missouri Bank, Defendant*, United States District Court for the Western District of Missouri, Case No. 10-3139-CV-S-ODS.

4.14 "Notice Publication Deadline" means the deadline for publication or posting of the Summary Notice, Internet Notice and ATM Notice, which shall be the date fifteen (15) days after the Preliminary Approval Date.

4.15 "Notice Response Deadline" means the date forty-five (45) days after the Notice Publication Deadline.

4.16    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

4.17    "Participating Claimant" or "Participating Claimants" means each Member of the Class who properly and timely submits a Qualifying Settlement Claim Certification Form.

4.18    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

4.19    "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

4.20    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class Counsel, postmarked within one-hundred and twenty (120) days from the Notice Publication Deadline. The Bank shall have the right to verify that each claim submitted is valid in that it reflects a use at any of the ATMs at Issue during the Class Period and for which usage the Class Member was charged a transaction fee by the Bank. Class Counsel shall be apprised of any claim being challenged by the Bank and the Parties, through their counsel, shall meet and confer in an attempt to resolve any challenged claim.

4.21    "Released Claims" means, individually and collectively, any and all claims (including without limitation Unknown Claims as defined herein), demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, contingent or vested, against the Bank Releasees, or any of them, that accrued, had accrued, or could have accrued at any time on or prior to the Preliminary Approval Date for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated

damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Bank's alleged failure to provide adequate notice or disclosure as may be required by applicable law at any of the ATMs at Issue; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue during the Class Period, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, or any consumer protection statute or regulation, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any transaction fee at any of the ATMs at Issue during the Class Period.

4.22    "Settlement Claim Certification Form" means the form attached as Exhibit B4.

4.23    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place no earlier than ninety (90) days after entry of the Preliminary Approval Order for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated Settlement pursuant to class action procedures and requirements; and (ii) entering the Judgment. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d), an order giving final approval of a proposed settlement may not be issued earlier than 90 days after the of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under 28 U.S.C. § 1715(b).

4.24    "Settlement Agreement" means this Class Action Settlement Agreement and Release, and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval. It is understood and agreed that the Bank's obligations for payment

under this Settlement Agreement are conditioned on the Preliminary Approval of the Settlement and the distribution of any funds to any Class Member or Class Counsel is conditioned upon the occurrence of the Effective Date.

        4.25   "Settling Parties" or "Parties" means the Bank and the Class Representative on behalf of himself and any and all Class Members.

        4.26   "Unknown Claims" means any Released Claims which the Class Representative or any Class Member does not know or suspect to exist in his, her or its favor at the time of the entry of the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the Bank Releasees. The Class Representative and each Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

    **5.**    **The Settlement.**

       5.1   *Consideration to Settlement Class Members.*

Within (15) fifteen days of the date on which a Preliminary Approval Order is entered, the Bank shall establish a "Settlement Fund" in the amount of two hundred sixty thousand dollars

($260,000.00) for the benefit of Class Members. This amount shall be paid into an interest bearing escrow account at NexTier Bank, consistent with instructions to be provided by Class Counsel and agreed to by the Bank. Interest on the account shall accrue on behalf of the Class for the period of time between the date of initial deposit and the Effective Date. If the Effective Date does not occur, all principal and interest shall be returned to the Bank, consistent with instructions to be provided by counsel for the Bank.

       5.1.1      Within (45) forty-five days of the Effective Date, the above amount shall be disseminated by Class Counsel (subject to approval of the Bank) to Participating Claimants on a *pro rata* basis (the "Settlement Payment"); provided, however, that no Class Member shall receive a settlement payment in excess of ONE-HUNDRED DOLLARS ($100.00). Class Members shall only be entitled to one Settlement Payment, irrespective of the number of transactions that a given Class Member negotiated at the ATMs at Issue during the Class Period. The only Class Members entitled to any payment under this Settlement Agreement and the associated Judgment are Participating Claimants.

       5.1.2      *Cy Pres.* Any money remaining in the Settlement Fund, if any, after (i) Settlement Payments are made pursuant to Paragraph 5.1.1, (ii) costs of the Class Notice are paid pursuant to Paragraph 5.3.4, and (iii) authorized payments to Class Counsel are made pursuant to Paragraph 5.7.1, shall be distributed equally by Class Counsel as a *cy pres* contribution to Community Foundation of the Ozarks and Boys Hope-Girls Hope. Notification of the contributions shall be provided by Class Counsel to the Bank.

       5.2      *Court Approval of Notice to the Class; Settlement Hearing.*

       5.2.1      The Class Representative and the Bank, through their counsel of record in the Litigation, shall file this Settlement Agreement with the Court, and Class Representative shall move for (and the Bank shall not oppose) preliminary approval of this Settlement Agreement, conditional certification of the Class, and the form and manner of Class Notice. Through this submission and a supporting motion, the Class Representative, through his

counsel of record, will request (and the Bank shall not oppose) that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness adequacy and reasonableness of the Settlement, granting final approval of the Settlement, granting final approval of this Settlement Agreement and entering the Judgment.

        5.2.2      If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representative and the Bank, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and Class Representative shall and hereby does, unless provided otherwise in this Settlement Agreement, stipulate to (and the Bank shall not and does not oppose) final approval of this Settlement Agreement and entry of the Judgment by the Court.

        5.3    *Notice to Class Members.*

        5.3.1      If, by entering the Preliminary Approval Order, the Court provides authorization to publish the Class Notice to Class Members, the Bank, through its counsel of record, will cause the placement of ATM Notice, as is discussed further below, and Class Counsel shall cause the publication of Summary Notice and Internet Notice. A copy of the proposed Class Notice is appended to this Settlement Agreement as Exhibits B1, B2 and B3.

        5.3.2      Summary Notice shall be published one time in The Bolivar Free Herald Press, The Lebanon Daily Record, Stockton Cedar County Republican, The Lawrence County Record, Webb City Sentinel, The Republic Monitor, The El Dorado Springs Sun and The El Dorado Springs Star. Summary Notice shall occupy at least 1/8 of a full page. ATM Notice shall be displayed on the ATMs at Issue for a period of (45) forty-five days, commencing on the Notice Publication Deadline. Internet Notice shall be displayed on a website hosted by Class Counsel for a period of (45) forty-five days, commencing on the Notice Publication Deadline.

5.3.3 *CAFA Notice.* The Bank, through its counsel, shall send notice of the proposed class action settlement on the appropriate Federal official and the appropriate State official, if any, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after the proposed settlement is filed with the Court.

5.3.4 The costs of Summary Notice, Internet Notice and ATM Notice shall be paid for out of the Settlement Fund.

5.4 *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

5.4.1 Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s). Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election. The Class Notice will advise Class Members of this option.

5.4.2 Class Members (other than Class Representative) may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class. No opt-out request may be made by a group of Class Members, and no opt-out request may be made or signed by an actual or purported agent or attorney acting or purporting to act on behalf of a Class Member. Any opt-out request must be mailed to Class Counsel, must be personally signed by the Class Member opting-out and must include the following information: (1) the name of the Class Member, (2) the current address of the Class Member, and, (3) the date signed. Any opt-out request must be mailed to Class Counsel and postmarked no later than the Notice Response Deadline. Those Class Members who do not opt out of the Settlement in a manner consistent with the conditions just described will be deemed to have forever waived their right to opt out of the Class and this Settlement. Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation or Settlement, including without limitation, any tolling of any pertinent statute of limitations. If the

total number of Class Members opting out of the Settlement exceeds 2.5% of the number of the Participating Claimants, Defendant shall have the option of terminating the Settlement Agreement at its sole discretion and if Defendant exercises this option the Settlement Agreement shall be deemed null and void *ab initio.*

      5.4.3     Class Members may also object to this Settlement Agreement by filing a written objection, together with any supporting papers (hereinafter collectively referred to as the "Notice of Objection") with the United States District Court for the Western District of Missouri no later than the Notice Response Deadline. Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline. The Class Notice shall advise Class Members of this option. Class Counsel shall immediately provide any such objections to the Bank and subsequently the Court in the final approval process. Any Class Member who does not object to the Settlement in the manner just described shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement or any provision of this Settlement Agreement.

      5.4.4     Prior to the Settlement Hearing and consistent with the rules established by the Court, the Class Representative shall move (and the Bank shall not oppose) the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Also prior to the Settlement Hearing, Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement. The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in this Settlement Agreement. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Settlement, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Settlement Agreement shall be void *ab initio*, and Class Counsel shall cause all moneys held in escrow to be returned to the Bank.

5.5     *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

5.5.1     Within forty five (45) days of and only after the Effective Date, Class Counsel shall provide to each Participating Claimant his or her Settlement Payment.

5.5.2     Following the dissemination of Settlement Payments to Participating Claimants, Class Counsel shall provide the Bank with a written confirmation of all Settlement Payments made by Class Counsel and other disbursements made from the Settlement Fund.

5.6     *Release.*

Upon the Effective Date, the Class Representative and each of the Class Members (for themselves and their respective heirs, executors, administrators, affiliates, successors and assigns) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

5.7     *Payment of Costs, Attorney Fees and to the Class Representative.*

5.7.1     Subject to Court approval, Class Counsel shall receive 33% of the Settlement Fund or eighty five thousand eight hundred dollars ($85,800.00) for all attorney fees and allowable Litigation costs and expenses. This amount shall be payable from the Settlement Fund after the Effective Date. Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory. The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit the necessary materials to justify this payment along with the motion for final approval of the Settlement Agreement. The Bank agrees to support Class Counsels' submission regarding, or request for approval of, this payment of fees

or costs provided it is consistent with this Settlement Agreement. Class Counsel shall provide counsel for the Bank with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Settlement Agreement or law, which the Bank shall make, Class Counsel and the Class Representative shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.

5.7.2    On behalf of Plaintiff Donald C. Thomas, in his personal capacity only, Class Counsel shall request an incentive payment in the gross amount of $4,000.00 for Mr. Thomas from the Settlement Fund. This amount shall be payable after the Effective Date. This payment shall be compensation and consideration for Plaintiff Thomas's efforts as the Class Representative in the Litigation. The Bank agrees to support Class Counsels' submission regarding said fee application. Mr. Thomas, through Class Counsel, shall provide counsel for the Bank with the pertinent taxpayer identification number and a Form W-9 for reporting purposes.

5.8    *Claims Administration.*

This Settlement shall be administered by Class Counsel. The Bank or any Bank Releasees shall have no responsibility or liability for any amounts, costs or fees, including attorneys' fees, related to or arising out of the administration of the Settlement.

5.9    *Termination of Settlement.*

In the event that the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Settlement Agreement is otherwise provided, no payments shall be made or distributed to anyone in accordance with the terms of this Settlement Agreement, the funds with all accrued interest shall be returned to the Bank within five (5) days, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void

with no effect on the Litigation whatsoever. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

      5.10 *Miscellaneous Provisions.*

      5.10.1 The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their reasonable, good faith efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

      5.10.2 The Settlement Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

      5.10.3 Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Bank Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Bank Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, regulatory body, administrative agency or other tribunal.

      5.10.4 All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

5.10.5    Except as otherwise provided in this Settlement Agreement, each party shall bear its own attorneys' fees and costs. All Class Members will be responsible for paying any and all income taxes that may be due as a result of their participation in the Settlement described in this Settlement Agreement.

5.10.6    The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement supersedes any and all prior oral or written understandings, agreements, and arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims. Except those set forth expressly in this Settlement Agreement, there are no other agreements, covenants, promises, representations, or arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims. This Settlement Agreement may be altered, amended, modified, or waived, in whole or in part, only by a writing signed by all Parties to this Settlement Agreement, and may not be altered, amended, modified, or waived, in whole or in part, orally or by an unsigned writing of any kind.

5.10.7    Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate. Each Party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and/or upon the advice of his, her, or its own counsel, and is not acting in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in writing in this Settlement Agreement.

5.10.8    Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

5.10.9    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

5.10.10    This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, administrators, executors, successors and assigns of the Parties hereto; but otherwise this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

5.10.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement.

5.10.12    The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Missouri, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Missouri without giving effect to that State's choice of law principles.

5.10.13    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party.

5.10.14    The Class Representative and Class Counsel shall not directly or indirectly cause any aspect of this Lawsuit or the terms of this Settlement Agreement to be reported to the media or news reporting services.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2010        By: _____
                                        DONALD C. THOMAS

                                    Plaintiff and Class Representative

DATED: _Nov 5^o_____, 2010          By: _____  Chairman
                                        MID-MISSOURI BANK
                                        Lee Gilbert

DATED: _____, 2010         By: _____
                                        BRUCE CARLSON

                                    Carlson Lynch Ltd. - Attorneys for Plaintiff

DATED: _12 /3 /_____, 2010          By: _____
                                        TODD RUSKAMP

                                    Shook, Hardy & Bacon, LLP - Attorneys for
                                    Defendant

5.10.14   The Class Representative and Class Counsel shall not directly or indirectly cause any aspect of this Lawsuit or the terms of this Settlement Agreement to be reported to the media or news reporting services.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _12/01/_ , 2010

By: _Donald C. Thomas_
DONALD C. THOMAS

Plaintiff and Class Representative

DATED: _____ , 2010

By: _____
MID-MISSOURI BANK

DATED: _12\1\10_ , 2010

By: _Bruce Carlson_
BRUCE CARLSON

Carlson Lynch Ltd. - Attorneys for Plaintiff

DATED: _____ , 2010

By: _____
TODD RUSKAMP

Shook, Hardy & Bacon, LLP - Attorneys for Defendant

# **Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

DONALD C. THOMAS, )
individually and on behalf of all )     Case No. 10-3139-CV-S-ODS
others similarly situated, )
                             )
              Plaintiff, )
                             )
v. )
                             )
MID-MISSOURI BANK, )
                             )
           Defendant. )

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING (Exhibit A)

The Court has considered the Class Action Settlement Agreement and its exhibits, the Parties' Motion for an Order Preliminarily Approving a Class Action Settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.     All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2.     The Class Representative and the Bank Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.     The Court preliminarily concludes that, for the purposes of approving this Settlement only and for no other purpose and with no other effect on the Litigation should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact

common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Donald C. Thomas are typical of the claims of the members of the proposed Class; (d) Class Representative Donald C. Thomas will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues;

4.      The moving parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.      The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the Settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed Settlement; and/or the option to become a Participating Claimant. The notice will be published consistent with the Settlement Agreement. The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is preliminarily approved;

2.      Notice of the proposed Settlement and the rights of Class Members to opt in and/or out of the Settlement and/or to become a Participating Claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement by fifteen (15) days after the date of this Order.

3.      A hearing shall be held before this Court on **[INSERT DATE AND**

**TIME AT LEAST 90 DAYS FROM DATE OF PRELIMINARY APPROVAL ORDER]** to consider whether the Settlement should be given final approval by the Court:

      (a)    Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline (_____, 2011);

      (b)    At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the Settlement;

      (c)    Class Counsel and counsel for Mid-Missouri Bank should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and,

      4.    In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. IT IS SO ORDERED.

DATED: _____    _____

                                       Honorable Ortrie D. Smith
                                       United States District Judge

# **Exhibit B**

## [PUBLISHED NOTICE OF CLASS ACTION SETTLEMENT]

This notice may affect your rights. Please read carefully.

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

IN RE: THOMAS V. MID-MISSOURI BANK, CASE NO.: 10-3139-CV-S-ODS

### SUMMARY NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

A settlement has been proposed in a class action lawsuit filed by Donald C. Thomas ("Plaintiff"), on behalf of all members of the class against Mid-Missouri Bank (the "Bank") asserting that the Bank violated certain requirements of the Electronic Funds Transfer Act ("EFTA").

#### WHO IS INCLUDED?

All non-Bank customers who were charged a transaction fee at any of the ATMs operated by Mid-Missouri Bank before December 1, 2010, **MAY BE ELIGIBLE TO RECEIVE A SETTLEMENT CHECK,** as set forth below.

If you qualify, you may send in a claim form to get benefits, or you can exclude yourself from the settlement, or object to it.

If you believe you are a member of the class, you may view the Full Notice and print a claim form online at www.carlsonlynch.com, or you can request a copy of the Full Notice and Claim Form by calling Class Counsel at 1-800-467-5241, or e-mailing Class Counsel at: bcarlson@carlsonlynch.com.

#### WHAT DOES THE SETTLEMENT PROVIDE?

Under the terms of the settlement, the Bank has created a settlement fund in the amount of $260,000.00. Eligible class members who submit a timely and valid claim are eligible to receive up to a maximum amount of $100.00 from the settlement fund. A Full Notice describing the Settlement in more detail is available at the website above.

#### WHAT ARE YOUR OTHER OPTIONS?

If you do not want to be legally bound by the settlement, you must exclude yourself by [45 days after publication notice], or you won't be able to sue, or continue to sue, the Bank about the legal claims in this case. If you exclude yourself, you can't get a Settlement Check from this settlement. If you stay in the settlement, you may object to it by [45 days after publication notice]. The Full Notice contains important information regarding the rights, obligations, requirements, and deadlines for class members to participate in the Settlement, to exclude themselves from the Settlement, or to object.

If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson at Carlson Lynch Ltd, 231 Melville Lane, P.O. Box 367, Sewickley, PA 15143. Alternatively, you may call the offices of the firm at its toll free number 1-800-467-5241.

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS. BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. **PLEASE DO NOT CONTACT THE COURT.**

### MID-MISSOURI BANK
### ATM FEE SETTLEMENT CLAIM FORM

**Mail to: CARLSON LYNCH LTD., PO Box 367, Sewickley, PA 15143**

Name: _____

Address: _____

Phone: _____

**CHECK THE APPROPRIATE BOX BELOW:**

☐ **I have included with this Claim Form one or more ATM receipts, or relevant portions of my bank statement(s), illustrating that I was charged an ATM fee by Mid-Missouri Bank before December 1, 2010.**

☐ **I have NOT included with this Claim Form a receipt or bank statement but I certify that I was charged a transaction fee at the Mid-Missouri Bank ATM located at _____ on _____ (approximate date of visit) and the last four digits of the account number on the card used were _____.**

I understand that the foregoing information may be used for purposes of verifying my claim, and I certify, under penalty of perjury, that the statements and information contained herein is truthful and accurate.

**ALL CLAIM FORMS MUST BE POSTMARKED BY: [120days after publication notice]**

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

### THOMAS V. MID-MISSOURI BANK
### CASE NO.: 10—3139-CV

### NOTICE OF CLASS ACTION SETTLEMENT

- All Non-Mid-Missouri Bank customers who were charged a transaction fee at any ATM operated by Mid-Missouri Bank before December 1, 2010, may be eligible to receive a Settlement Check of up to $100.00.

- The settlement resolves a lawsuit alleging that Mid-Missouri Bank (the "Bank") violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA"). It avoids costs and risks to you from continuing the lawsuit; entitles certain persons to Settlement Checks; and releases the Bank from any liability.

- Your legal rights are affected whether you act, or do not act. Please read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Settlement Check. |
| **EXCLUDE YOURSELF** | Get no Settlement Check. This is the only option that allows you to ever be part of any other lawsuit against the Bank about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**1. What is this lawsuit about?**

Donald C. Thomas ("Plaintiff"), on behalf of all members of the class, has asserted that the Bank violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA"). Specifically, plaintiff claims that the ATMs operated by the Bank did not meet the EFTA's ATM fee surcharge disclosure rules by failing to post certain external signage disclosing the fee, and that the Bank therefore was not permitted to charge ATM transaction fees to non-customers at ATMs during the Class Period, as specifically set forth in the Complaint on file and available at the Court at Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. The Bank disclosed the fee on the computer screen, but Plaintiff claims that the Bank was required to post external notices on the ATM. The Bank denies any liability or wrongdoing.

**2. Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case Donald C. Thomas), sue on behalf of people who are similarly situated and have similar claims. All these people are Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**3. Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks he could have prevailed at a trial. The Defendant thinks the Plaintiff would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

**4. How do I know if I am part of the settlement?**

The Court decided that everyone who fits this description is a Class Member:

> All persons who were not banking customers of Mid-Missouri Bank and who were charged or assessed any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at the ATM at Issue before December 1, 2010.

**5. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-467-5241 or you can fill out and return the claim form to see if you qualify.

**6. What does the settlement provide?**

The Bank has agreed to establish a settlement fund in the amount of $260,000.00. Class members who send in a valid claim form and one or more receipts issued before December 1,

2010 demonstrating that they were charged an ATM transaction fee by the Bank, or the relevant portion of a bank statement illustrating that they were charged an ATM transaction fee by the Bank will be entitled to receive a *pro rata* share of the settlement fund, with a maximum payment of $100.00 per Participating Class Member.

The Settlement also imposes certain other requirements, which are set forth in detail in the Settlement Agreement.

The Settlement Agreement also provides that any unclaimed funds will be donated, on a *cy pres* basis, to Community Foundation of the Ozarks and Boys Hope-Girls Hope.

### 7. How can I get a Settlement Check?

If you believe you are a member of the class and desire to participate in this settlement, you should completely fill out the "Proof of Claim" form that accompanies this Notice and return it to the following address: Carlson Lynch, Ltd, 231 Melville Lane, P.O. Box 367, Sewickley, PA 15143. The "Proof of Claim" must be postmarked by **[PUBLICATION date + 120 days]**.

If you have one or more receipts that show that you were charged an ATM transaction fee by the Bank, or the relevant party of a bank statement that shows that you were charged an ATM transaction fee by the Bank, be sure to include them with the claim form.

If you don't have a receipt of a bank statement, you can still receive a settlement payment if you check the box on the claim form attesting, under penalty of perjury, to the fact that you were charged at ATM transaction fee during the Class Period and providing the last four digits of the credit or debit card that was used in connection with the transaction in connection with which you were charged a fee. If you choose this option, the information that you provide will be used to verify your claim.

You can also submit a claim form online. **CLAIMS FOR WHICH RECEIPTS OR BANK STATEMENTS ARE ATTACHED MUST BE MAILED.** Failure to fully follow the procedures will result in a class member receiving no relief under the settlement, but nonetheless being bound by any judgments, orders and releases in this case.

### 8. When would I get my Settlement Check?

The Court will hold a hearing on **[INSERT DATE – NO EARLIER THAN 90 DAYS AFTER PRELIMINARY APPROVAL]**, to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 9. What am I giving up to get a Settlement check or stay in the Class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Mid-Missouri Bank or the other entities

released in the settlement agreement about the legal issues in *this case*. It also means that all of the Court's orders will apply to you and legally bind you.

### 10.    Can I exclude myself from the Class?

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded. Your election to opt-out must contain the following information and must be signed by the class member opting-out: (1) the name of class member, (2) the current address of class member, and (3) the date signed. You must mail your exclusion request postmarked no later than **[publication date + 45]** to:

Mid-Missouri Bank Exclusions
c/o Carlson Lynch Ltd.
P.O. Box 367
Sewickley, PA 15143

If you ask to be excluded, you will not get a Settlement Check, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue Mid-Missouri Bank or the other entities released in the settlement agreement in the future regarding the legal issues in this case.

### 11.    If I don't exclude myself, can I sue the Bank for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Mid-Missouri Bank and the other entities released in the settlement agreement for the claims that this settlement resolves. If you have a pending lawsuit, involving the same claims that this settlement resolves, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. If you have a pending lawsuit on matters not addressed in this settlement, you may continue that lawsuit against the Bank.

### 12.    If I exclude myself, can I get a Settlement Check from this Settlement?

No. If you exclude yourself, do not send in a claim form to ask for a Settlement Check.

### 13.    Do I have a lawyer in this case?

The law firms of Carlson Lynch Ltd. and Evan D. Buxner, LLC represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14.    How will these lawyers be paid?

Class counsel will ask the Court to approve payment of attorneys' fees and expenses of $85,800.00 or 33% of the settlement fund. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In addition, class counsel will ask

for payment of $4,000.00 to Donald C. Thomas for his service as a Class Representative. The Bank has agreed not to oppose the request for these fees and expenses.

### 15. How can I object to the Settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter that you object to the class settlement in *Thomas v. Mid-Missouri Bank*, No. 10-3139-CV-S-ODS. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. You must file the objection with the Clerk of the Court and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses postmarked no later than **[publication date + 45]**:

R. Bruce Carlson, Esq.
Carlson Lynch Ltd.
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143

Todd Ruskamp, Esq.
Shook Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, Missouri 64108

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

### 16. What's the difference between objecting and excluding?

Objecting is telling the Court that you do not agree with the settlement, in whole or in part. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 17. When and where will the Court decide whether to approve the Settlement?

The District Court will hold a hearing to decide whether to approve the settlement. The Fairness Hearing will be held on **[INSERT DATE – NO EARLIER THAN 90 DAYS AFTER PRELIMINARY APPROVAL]** at the Court, Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to plaintiffs' class counsel.

### 18. Do I have to come to the Hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in *Thomas v. Mid-Missouri Bank*, No. 10-3139-CV-S-ODS. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[publication date + 45]**, and be sent to the Clerk of the Court and Class Counsel at the addresses in question 15. You cannot speak at the hearing if you excluded yourself.

### 20. What happens if I do nothing at all?

If you do nothing, you will not get a Settlement Check from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Bank about the legal issues in this case, ever again.

### 21. How do I get more information?

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson, Carlson Lynch Ltd., 231 Melville Lane, P.O. Box 367, Sewickley, PA, 15143. Alternatively, you may call the offices of the firm at its toll free number [1-800-467-5241].

**Exhibit B3**

## NOTICE OF ATM FEE SETTLEMENT

If you are <u>not</u> a banking customer of Mid-Missouri Bank and you used this ATM machine before December 1, 2010 <u>and</u> were charged a transaction fee for use of the ATM machine, you may be eligible to share in a settlement fund created pursuant to a class action settlement in *Thomas v. Mid-Missouri Bank,* Case No. 10-3139-CV-S-ODS (W.D.Mo.). Please call 1-800-467-5241 or visit www.carlsonlynch.com for more information.

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

DONALD C. THOMAS,                        )
individually and on behalf of all        )          Case No. 10-3139-CV-S-ODS
others similarly situated,               )
                                         )
                  Plaintiff,             )
                                         )
        v.                               )
                                         )
MID-MISSOURI BANK,                       )
                                         )
                  Defendant.             )

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (Exhibit C)**

Having considered the Class Action Settlement Agreement and Release (the "Settlement

Agreement") and all other materials properly before the Court and having conducted an inquiry

pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement

Agreement was entered by all parties in good faith, that it is fair and reasonable to the Class and

the Settlement Agreement is approved. The Court will simultaneously, or the Clerk of the Court

shall, enter the Judgment provided in the Settlement Agreement. Class Counsel shall

disseminate class relief to Participating Claimants, and otherwise effectuate the Settlement,

consistent with the terms of the Settlement Agreement.


DATED: _____        _____
                              Honorable Ortrie D. Smith
                              United States District Judge

# **Exhibit D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

DONALD C. THOMAS,                              )
individually and on behalf of all              )        Case No. 10-3139-CV-S-ODS
others similarly situated,                     )
                                               )
                    Plaintiff,                 )
                                               )
        v.                                     )
                                               )
MID-MISSOURI BANK,                             )
                                               )
                    Defendant.                 )

### [PROPOSED] JUDGMENT (EXHIBIT D)

This matter came on for hearing upon the Parties' application for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2.      The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Mid-Missouri Bank.

3.      The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement

Hearing, the notice to the class was adequate.

4.    The Court finds in favor of settlement approval.

5.    The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6.    Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Judgment.

7.    Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

8.    With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representative are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

9.    By this Judgment, the Class Representative shall release, relinquish and

discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Bank Releasees that accrued at any time on or prior to the date of Preliminary Approval for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Bank's alleged failure to provide adequate notice or disclosure as may be required by applicable law at any of the ATMs at Issue; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue on all dates on or before the date of the Settlement Agreement, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, or any consumer protection statute or regulation, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any transaction fee at any of the ATMs at Issue on all dates on or before the date of the Settlement Agreement. This action is hereby dismissed in its entirety with prejudice.

       10.    Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Bank Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Bank Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Bank Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim

based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

12.     Mid-Missouri Bank has agreed to pay up to $85,800.00 for Class Counsel's reasonable attorneys' fees and any allowable costs in this matter, and has also agreed to pay the amount of $4,000.00 as a Plaintiff's incentive payment. The Court finds that the amount of fees and costs requested by Class Counsel, and the Plaintiff's incentive payment, are fair and reasonable. Mid-Missouri Bank is directed to make such payments in accordance with the terms of the Settlement Agreement.

13.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and Mid-Missouri for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

14.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.


DATED: _____        _____
                              Ortrie D. Smith
                              United States District Judge