# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD C. THOMAS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.   10-3139-CV-S-ODS |
| MID-MISSOURI BANK, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned for a hearing on the parties' Motion for Final Approval of Settlement.  (Doc. 23) Thereafter, an unopposed Motion for Final Approval of Class Action Settlement, Motions for Attorney Fees and Reimbursement of Expenses and Payment of Plaintiff's Incentive Award with supporting suggestions were filed.

It is not contested, and record supports the finding, that the proposed class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; ( c )  the claims of Class Representative Donald C.  Thomas are typical of the claims of the members of the proposed Class; (d) Class representative Donald C.

Thomas will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities, as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues.

In the Amended Order granting Preliminary Approval of Proposed Class Action Settlement, the Court expressed concerns, which were address by the parties at the hearing. The lead plaintiff in this case would receive a $4,000 incentive payment under the terms of the settlement. While this is 40 times the maximum any class member could receive, the parties argue that the incentive payment has a purpose other than compensation. It is to provide incentive for plaintiffs to act with diligence to the benefit of the Class. This plaintiff has, among other things, visited all of the 30 ATMs in question, photographed them and provided documentation to support the claims of the Class. The parties also note that the National Association of Consumer Advocates recommend that an incentive payment of $5,000 or lower be presumed reasonable.

The settlement provides for attorney fees and expenses in the amount of $85,800. This is approximately 33% of the established fund in this case. This percentage has widely been recognized as reasonable. In addition, the fee is supported by the spreadsheets submitted in support of the motion for approval (Doc. 24, Exhibits A, B, C, & D.)

Notice was provided by publication in newspapers and television ads in the Springfield and Joplin, Missouri, areas. A press release was issued. Notice was provided to the regulatory agencies in the State of Missouri and was posted on plaintiff's counsel's website. Direct mail notice was not practicable because the Class in this case would be non-customers of the defendant bank.

Identifying information is not available. However, 76,000 transactions by 34,000 separate card numbers were identified in the one-year period in question. A fund of $300,000 was therefore created and discounted by liability risks for a total amount of approximately $260,000. There is a $100 cap for each individual claimant. As of the date of the hearing, two claims had been filed. Counsel notes that in the event more claims are not filed and the fund established is not exhausted, there is no reverter to defendant. Rather any unclaimed amount of the settlement fund shall be donated half to the Community Foundation of the Ozarks and half to the Boys Hope-Girls Hope. Therefore, even with the small number of claims, the intended effect of the law has been accomplished. Corrective measures have been taken and the defendant will not be enriched by a reverter provision.

Counsel has provided a proposed Order granting Final Approval of Settlement and Judgment which is attached to this Report and Recommendation. For the reasons stated herein, and in the Amended Order Granting Preliminary Approval, it is

RECOMMENDED that the Order Granting Final Approval of Settlement and Judgment be entered.

/s/ James C. England
**JAMES C. ENGLAND**
**UNITED STATES MAGISTRATE JUDGE**

Date: March 25, 2011

3