# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

DONALD C. THOMAS, )
 )
                Plaintiff, )
 )
 )
vs. ) Case No. 6:10-3139-CV-S-ODS
 )
MID-MISSOURI BANK, )
 )
                Defendant. )

### ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING FINAL APPROVAL TO SETTLEMENT, (3) GRANTING MOTION FOR ATTORNEY FEES, AND (4) ENTERING JUDGMENT

On December 9, 2010, the Court granted preliminarily approved certification of a class for settlement purposes. The parties' request to amend the order was granted on December 27. A hearing was held (following the Court's referral pursuant to 28 U.S.C. § 636) by the Honorable James C. England, United States Magistrate Judge for this district to consider whether final approval should be granted. Judge England issued a Report recommending that the Court grant final approval to the settlement.

Instead, the Court was concerned about the relatively low number class members taking advantage of the settlement. Specifically, the class consists of approximately 34,000 individuals, but only two submitted claim forms. A hearing was held on April 27, 2011, to allow the parties an opportunity to address the Court's concerns. Having considered the parties' arguments and the Record as a whole, the Court (1) adopts Judge England's Report and Recommendation, (2) grants final approval to the settlement, (3) grants the motion for attorney fees, and (4) enters judgment accordingly.

1.  The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2.  The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Class and Mid-Missouri Bank.

3.  The Court finds that the distribution of the notice to Class Members as provided for in the Amended Order Granting Preliminary Approval of Class Action Settlement (Doc. No. 21), constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met the requirements of due process under the United States Constitution. It may have been possible to provide individual notice mailed to most (but probably not all) class members, but the effort would have been impractical. The effort would involve obtaining information from all of the non-customers' banks in an attempt to identify them. The number of banks involved, with the likely cost (including attorney fees incurred to secure the information), and the time needed combine to make the effort impractical under the circumstances. Based on the arguments, evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the Class comports with Rule 23 and the Due Process Clause.

4.  The Court finds in favor of settlement approval.

5.  The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement, with the following exception. In paragraph 5.1.2, the parties contemplate that "[a]ny money remaining in the Settlement Fund, if any," after certain payments are be made "shall be distributed equally by Class Counsel as a *cy*

*pres* contribution to" two charities. The Court supports this endeavor; indeed, the fact that the unclaimed balance of the Settlement Fund will be put to charitable purposes instead of reverting to Defendant augments Plaintiff's fulfillment of his role as a "private attorney general" and is an important factor in the Court's determination that the settlement is fair and reasonable. However, the Court agrees with the parties' sentiments expressed during the April 27 hearing that the charitable purposes be targeted toward the geographic area where the class members would be found. To that end, the Court directs that the funds described in paragraph 5.1.2 of the Settlement Agreement shall be distributed equally by Class Counsel as a *cy pres* contribution to the Community Foundation of the Ozarks and CASA of Southwest Missouri.

6. All of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Judgment.

7. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Class, as that term is defined in and by the terms of the Settlement Agreement.

8. With respect to the Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among Members of the Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representative are typical of the claims of the Members of the Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Class; (e)

a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Class.

9. By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Bank Releasees that accrued at any time on or prior to the date of Preliminary Approval for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Bank's alleged failure to provide adequate notice or disclosure as may be required by applicable law at any of the ATMs at Issue; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue on all dates on or before the date of the Settlement Agreement, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S. C. § 1693 *et seq.*, or any consumer protection statute or regulation, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any transaction fee at

any of the ATMs at Issue during the Class Period. This action is hereby dismissed in its entirety with prejudice.

10. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Bank Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Bank Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Bank Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The only Class Members entitled to relief pursuant to this Judgment are Participating Claimants. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

12. The Court finds that the fees and costs requested by Class Counsel in the amount of $85,800, and the Plaintiff's incentive payment in the amount of $4,000, are fair and reasonable and they are hereby approved. Payment of such amounts shall be made in accordance with the terms of the Settlement Agreement.

13. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and Mid-Missouri Bank for the

purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

        14.    This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


                                  /s/ Ortrie D. Smith
                                ORTRIE D. SMITH, JUDGE
DATE: April 28, 2011          UNITED STATES DISTRICT COURT